```
                  IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

ROSITA GARCIA TUMPAP,              )   CIVIL NO. 10-00325 SOM-LEK
                                   )
              Plaintiff,           )   AMENDED ORDER DENYING
                                   )   PLAINTIFF'S MOTION TO
         vs.                       )   RESTRAIN NONJUDICIAL
                                   )   FORECLOSURE
PRISCILLA E. BALOALOA and/or       )
successor, individually, and       )
in his official capacity as        )
MANAGER/FIRST HAWAIIAN BANK,       )
an ens legis being used to         )
conceal fraud, R.K. ARNOLD         )
and/or his successor,              )
individually, and in his           )
official capacity as PRES/CEO      )
OF MORTGAGE ELECTRONIC             )
REGISTRATION SYSTEMS, INC.,        )
an ens legis being used to         )
conceal fraud, AND JOHN DOES       )
(Investors) 1-10,000, et al.,      )
                                   )
                                   )
              Defendants.          )
_____
```

AMENDED ORDER DENYING PLAINTIFF'S MOTION TO
RESTRAIN NONJUDICIAL FORECLOSURE

I.      INTRODUCTION.

Rosita Garcia Tumpap's property is apparently the subject of a nonjudicial foreclosure proceeding. On June 8, 2010, Tumpap filed a document titled "Complaint and Petition for Temporary Restraining Order to Estop." The court construes that document as a statement of claims against Defendants and a request that the nonjudicial foreclosure be temporarily enjoined. Because Tumpap has not met the standard for issuance of an injunction, the court denies the motion. Because it is

difficult, if not impossible, to decipher Tumpap's claims, this court also strikes Tumpap's Complaint.

II.     STANDARD.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See G. v. State of Haw., Dep't of Human Servs., 2009 WL 2877597 (D. Haw. Sept. 4, 2009); Schoenlein v. Halawa Corr. Facility, 2008 WL 2437744 (D. Haw. June 13, 2008).

The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008) (citing Munaf v. Geren, 553 U.S. 674, 128 S.Ct. 2207, 2219 (2008)). Courts examine the claims of injury and consider the effect on each party of granting or denying the injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 129 S. Ct. at 374; accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips

in their favor; and (4) a preliminary injunction is in the public interest."). Even if a movant demonstrates a likelihood of success on the merits, the requested injunction will not issue when there is only a possibility of irreparable harm or when there is no possibility of irreparable harm. Winter, 129 S. Ct. at 374-76; Sierra Forest Legacy, 577 F.3d at 1022.

III.     THE MOTION FOR TEMPORARY RESTRAINING ORDER IS DENIED.

Tumpap's motion does not establish the necessary prerequisites for enjoining the nonjudicial foreclosure sale of her property. Tumpap does not show that she is likely to succeed on the merits, that there is irreparable harm in the absence of preliminary relief, that the balance of equities tips in Tumpap's favor, or that an injunction is in the public interest. Tumpap complains that Defendants fail to prove their right to foreclose. However, Tumpap does not discuss the facts of this case such that the court could even begin to make a reasoned decision. For example, Tumpap does not discuss who her original lender was, whether the loan was allegedly transferred to another lender, whether her mortgage documents authorize a nonjudicial foreclosure process, whether the lender has given notice of its intent to proceed with a nonjudicial foreclosure, or even when her property is scheduled for sale. While she alleges that Defendants are not proper holders of her note and mortgage, she does not state that she asked Defendants to see the note or to

explain interest owed under the note. She does not attach any mortgage documents, any notice for sale, or any evidence to support her allegation that Defendants are not entitled to foreclose. Without more facts, this court cannot evaluate a request to enjoin the nonjudicial foreclosure sale.

As the court determines that Tumpap has failed to carry her burden of showing an entitlement to injunctive relief, the court denies the requested injunction without prejudice. If Tumpap chooses to file a subsequent motion for a temporary restraining order, Tumpap is cautioned that the motion must explain and provide the factual and legal bases for such relief.

IV.     THE COMPLAINT IS STRICKEN.

This court has reviewed Tumpap's Complaint in connection with her request to enjoin the sale of her property. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court now strikes Tumpap's Complaint.

Rule 12(f) allows the court to sua sponte strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The court recognizes that striking claims is generally disfavored in the absence of prejudice, see Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 553 (D. Haw. 1998), but strikes Tumpap's claims to further the orderly progression of this case. Tumpap's Complaint is a 136-page, mostly single-spaced document. Claims and supporting authorities are

intermingled, and the lengthy document includes many unnumbered paragraphs. It is difficult to decipher, and would place on any Defendant an enormous burden in answering it or filing an appropriate motion to dismiss.

It is very difficult to discern what claims Tumpap brings. Tumpap complains that because Defendants do not hold her original promissory note, they are not allowed to foreclose on her property. Tumpap states, "Defendant has and is committing fraud by attempting to foreclose on real property Defendant is not the lawful lien holder of." Compl. at 10. Tumpap contends that, even if Defendants hold the promissory note, they received it after Tumpap defaulted on payment and therefore are not holders in due course. Tumpap also appears to assert a constitutional claim, saying that Defendants violated her due process rights when executing a deed. However, it is unclear how, for example, Defendant David B. Rosen is liable for his involvement, if any, when he is merely counsel. Tumpap also says that Defendants have injured her through "misrepresentation, truth in lending, UDAP and unjust enrichment." Compl. at 48. However, Tumpap does not explain how Defendants have violated the Truth in Lending Act or any other law.

This court strikes the Complaint but gives Tumpap leave to file an amended Complaint no later than July 8, 2010. If Tumpap chooses to file any amended complaint, that document

should contain a short and plain statement of the claim showing that the Tumpap is entitled to relief.  See Fed. R. Civ. P. 8(a)(2).  That is, any amended complaint should set forth in numbered paragraphs the relevant facts underlying Tumpap's claims.  It should then identify what claims are being asserted against which Defendant.  The amended complaint should also set forth the relief requested.  Additionally, any fraud claim or allegation must be stated with specificity.  See Fed. R. Civ. P. 9(b).  Any amended complaint should be a complete document in itself, not incorporating by reference the present petition.  If Tumpap does not file an amended complaint by July 8, 2010, the Clerk of Court is directed to close this case.

V.      CONCLUSION.

Because Tumpap has not met the standard for enjoining the nonjudicial foreclosure of her property, the motion for temporary restraining order is denied.  The court also strikes Tumpap's Complaint and permits Tumpap to file any amended complaint by July 8, 2010.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 9, 2010.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Tumpap v. Baloaloa, et al.; Civil No. 10-00325 SOM/LEK; AMENDED ORDER DENYING PLAINTIFF'S MOTION TO RESTRAIN NONJUDICIAL FORECLOSURE