IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ROSITA GARCIA TUMPAP, | ) | CIVIL NO. 10-00325 SOM-LEK |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER STRIKING AMENDED COMPLAINT AND DEMAND FOR JURY |
| vs. | ) ) | TRIAL FILED ON JULY 8, 2010 |
| PRISCILLA E. BALOALOA, et al., | ) ) ) ) | |
| Defendants. | ) | |

ORDER STRIKING AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL FILED ON JULY 8, 2010

Rosita Garcia Tumpap's property is apparently the subject of a nonjudicial foreclosure proceeding. On June 8, 2010, Tumpap, proceeding pro se, filed a document titled "Complaint and Petition for Temporary Restraining Order to Estop." The court struck Tumpap's Complaint the same day, giving her leave to file an Amended Complaint.

On July 8, 2010, Tupac, through Mark E. Hill, her purported attorney, filed an Amended Complaint and a Demand for Jury Trial.

All documents presented for filing must include on the upper left-hand corner of the first page "[t]he name, Hawaii bar identification number, address, telephone number, facsimile number, and email address of counsel (or if pro se, of the party), and the specific identification of each party represented by name and interest in the litigation (e.g., plaintiff,

defendant, etc.)." Local Rule 10.2(b). The upper left-hand corner of both the Amended Complaint and the corresponding Demand for Jury Trial identify that they are filed by:

> Mark E. Hill
> 480 Kenolio Road Suite 2-106
> Kihei, HI 96753
> Telephone No.: (808) 357-4336
> Email: legalcounsel.hill@gmail.com
>
> Attorney for Plaintiff

Hill's signature also appears at the end of both documents, indicating that he is the attorney for Tumpap.

Pursuant to Local Rule 83.2, "[o]nly a member of the bar of this court who is also an active member in good standing of a state bar or its equivalent, or any attorney otherwise authorized by these rules to practice before this court, may enter an appearance for a party . . . ." Further, Local Rule 83.4(e) provides that "[a]ny person who has not been admitted to the bar of this court . . . and who, without complying with, or in violation of, the requirements of this rule, exercises in this district any of the privileges of a member of said bar, or pretends to be entitled to do so, is guilty of contempt of court."

Hill is not a member of the bar of this court or a member of the bar of the State of Hawaii. Hill has not identified any supportable basis for his "legal representation" of Tumpap in this action. Accordingly, Hill cannot submit

documents to this court on behalf of Tumpap. In other words, Hill may not act as Tumpac's attorney in this action. Hill is warned that if he continues to attempt to represent individuals before this court, sanctions or other appropriate punishment may be imposed. See Local Rule 83.5.

Because the Amended Complaint and the Demand for Jury Trial are not submitted pro se by Tumpap or by an individual who is authorized to practice law before this court, the court strikes the Amended Complaint and the Demand for Jury Trial. Tumpac is granted leave to file an amended complaint by August 2, 2010. This means that Tumpac may file an amended complaint on a pro se basis or may have legal counsel authorized to practice before this court file the amended complaint on her behalf. Failure to file an amended complaint by August 2, 2010, will result in automatic dismissal of this action.

If Tumpap chooses to file an amended complaint, that document should contain a short and plain statement of the claim showing that the Tumpap is entitled to relief. See Fed. R. Civ. P. 8(a)(2). That is, any amended complaint should set forth in numbered paragraphs the relevant facts underlying Tumpap's claims. It should then identify what claims are being asserted against which Defendant. The amended complaint should also set forth the relief requested. Additionally, any fraud claim or allegation must be stated with specificity. See Fed. R. Civ. P.

9(b).  Any amended complaint should be a complete document in itself, not incorporating by reference any other document.  If Tumpap does not file an amended complaint by August 2, 2010, the Clerk of Court is directed to close this case.

If the August 2, 2010, Amended Complaint and Demand for Jury Trial have been served on any Defendant, Plaintiff is ordered to immediately send a copy of this order to any such Defendant.  The Clerk of Court is also directed to serve a copy of this order on any Defendant who has made an appearance in this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Tumpap v. Baloaloa, et al.; Civil No. 10-00325 SOM/LEK; ORDER STRIKING AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FILED ON JULY 8, 2010