IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROSITA GARCIA TUMPAP, | ) CIVIL NO. 10-00325 SOM-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT IN PART AND DENY IN PART |
| vs. | ) DEFENDANT DAVID ROSEN'S MOTION |
| | ) FOR ATTORNEYS' FEES AND COSTS |
| AURORA LOAN SERVICES LLC, and | ) |
| DAVID ROSEN and DOES 1-200, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

<u>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
DEFENDANT DAVID ROSEN'S MOTION FOR ATTORNEYS' FEES AND COSTS</u>[1]

Before the Court is Defendant David Rosen's Motion for Attorneys' Fees and Costs ("Motion") filed on January 21, 2011. Defendant David Rosen ("Defendant Rosen"), *pro se*, requests an award of $3,905.50 in attorneys' fees and $38.46 in costs. Plaintiff Rosita Garcia Tumpap, also *pro se*, did not file an opposition to Defendant Rosen's Motion. On April 13, 2011, Defendant Rosen filed a Notice of No Opposition Having Been Filed To Defendant David Rosen's Motion for Attorney [sic] Fees and

---

[1] Within seventeen (17) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 74.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and Rule 6(d) of the Federal Rules of Civil Procedure, file written objections in the United States District Court. A party must file any objections within the seventeen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Costs. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After carefully reviewing the submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that Defendant Rosen's Motion be GRANTED IN PART and DENIED IN PART for the reasons set forth below. The Court RECOMMENDS that the district judge GRANT Defendant Rosen's request for $39.46 in costs and DENY Defendant Rosen's request for attorneys' fees.

BACKGROUND

Plaintiff filed a 136-page complaint making certain claims related to a nonjudicial foreclosure and requesting a temporary restraining order on June 8, 2010. Docket No. 1. The next day, Chief United States District Judge Susan Oki Mollway denied Plaintiff's request for injunctive relief and *sua sponte* struck the Complaint pursuant to Federal Rules of Civil Procedure Rule 12(f) "[b]ecause it is difficult, if not impossible, to decipher [Plaintiff's] claims." Docket No. 6 at 1-2. Specifically as to Defendant Rosen, the court stated that "it is unclear how, for example, Defendant David B. Rosen is liable for his involvement, if any, when he is merely counsel." Id. at 5. The court struck Plaintiff's first complaint "to further the orderly progression of this case" and granted Plaintiff leave to file an amended complaint. Id. at 4-5.

On July 8, 2010, Plaintiff filed an "Amended and Corrected Complaint Against Priscilla E. Baloaloa and First Hawaiian Bank for TILA Violations on Mortgage Loan, Defendants Tonia K. Nitta and Alan Hiyakumoto for Breach of Rental Contract and Failure to Pay Rent, Defendant Susana R. Chung for Derelict of Duty and Defendant David Rosen for Violation of Fair Debt Collection Practice's Act, and Aurora Loan Services, LLC for TILA Violations, R. K. Arnold, MERS for Misrepresentation, Not a Real Party" ("Amended Complaint"). Docket No. 11. The Amended Complaint was filed through Mark E. Hill, Plaintiff's purported attorney. See id. On July 12, 2010, the court *sua sponte* struck the Amended Complaint. Docket No. 14. In striking the Amended Complaint, the court found that Mr. Hill was not a member of the bar of the court or a member of the bar of the State of Hawaii and held that Mr. Hill could not act as Plaintiff's attorney in this action. Id. at 2-3. The court struck the Amended Complaint because it was not submitted *pro se* by Plaintiff or by an individual who is authorized to practice law before the court. Id. at 3. The court granted Plaintiff leave to file another amended complaint by August 2, 2010. Id. The court also directed Plaintiff to immediately send a copy of the order striking the Amended Complaint to any defendant who had been served. Id. at 4. The court did not make any findings regarding the substance or sufficiency of the allegations in the Amended

Complaint.

On July 22, 2010, the court issued a minute order reminding Plaintiff of her obligation to notify any defendants that had been served that the Complaint and Amended Complaint had been stricken. Docket No. 15. The court was concerned that some of the defendants had not been notified because one of the originally named defendants had filed a motion to dismiss the original Complaint after it had been stricken by the court. Id.

On August 2, 2010, Plaintiff filed "Plaintiffs [sic] Third Ammended [sic] Complaint: Declaratory Judgment That Plaintiffs April 18, 2006 Loan Transaction, Promissory Note, and Mortgage Are Void, in Default and Fraud Unenforceable Pursuant to Section 1635 of Title 15 of the United States Code." The Third Amended Complaint names only two defendants: Aurora Loan Service, LLC and David Rosen. The allegations relate to a mortgage that Plaintiff entered into with Aurora Loan Service LLC in April 2006, and the subsequent nonjudicial foreclosure in 2010. See Third Amended Complaint ("TAC") ¶¶ 6, 24-26. Plaintiff makes three main allegations against Defendant Rosen:

1. Defendant Rosen's failure to respond to the correspondence Plaintiff allegedly sent to him on January 16, 2010, violates the Real Estate Settlement Procedures Act "12 U.S.C. section 2605(e)," "Regulation X at 24 CFR 3500," and the "Gram [sic] Leach Billy [sic] Act." Id. ¶ 18.

2. Defendant Rosen was "operating out of the scope of his license[]" to practice law because he was not lawfully registered as a collection agency and he identified himself as a collection agency.  Id. ¶¶ 20, 22.

3. Defendant Rosen acted unlawfully in the nonjudicial foreclosure proceedings and violated the "Fair Debt Collections Practices Act (FDCPA) 15 U.S.C 1692, 1692 (e) faults and misleading representations, breach of contract, intent to defraud, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, intentional and/or negligence misrepresentation, malicious, wanton and intentional actions, violations of HRS chapter 480."  Id. ¶¶ 21, 24.

In her request for relief, Plaintiff asked the court for the following:

> A. For declaratory judgment that the Right to Adequate Assurance of Due performance was not performed, Default of loan, Fraud of inducement and are unenforceable.
>
> B. For cost of suit in the amount to be decided by the court;
>
> C. sett [sic] off and recouptment [sic] refunded of all payments and rights to proceeds.
>
> D. For such other and further Relief as deemed just and proper by this court.

Id. ¶ 32.

Defendant Rosen filed a motion to dismiss the Third

Amended Complaint under Rule 12(b)(6) for failure to state a claim on September 28, 2010.  Docket Nos. 24, 25.  Defendant Rosen argued that dismissal was appropriate because the allegations against him failed to state a legally cognizable theory and the request for relief against him was "unintelligible."  Docket No. 25 at 3-6.  Defendant Aurora Services, LLC also filed a motion to dismiss.  Docket No. 28.  Plaintiff did not file a timely opposition to the motions to dismiss.

Defendant Rosen filed a Notice of No Opposition Having Been Filed to Defendant David Rosen's Motion to Dismiss Plaintiff's Third Amended Complaint on November 8, 2010.  Docket No. 35.  In response, Plaintiff filed a Motion for Continuance of Hearing on Motion to Dismiss on November 15, 2010.  Docket No. 36.  The court granted Plaintiff's Motion for Continuance ordering that Plaintiff was to file any opposition by December 17, 2010.  Docket No. 38.  Even though the court granted Plaintiff's request for a continuance, Plaintiff did not file any opposition to Defendant Rosen's motion to dismiss.  The court issued an order granting both motions to dismiss on January 7, 2011.  Docket No. 41.  The court granted the motions to dismiss "as unopposed for the reasons stated in the motions."  Id. at 2.  The instant Motion followed.

DISCUSSION

I. Entitlement to Attorneys' Fees

Under the "American Rule," each party is generally responsible for paying for his or her own litigation expenses. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001). As a result, a party does not recover attorneys' fees merely because it prevails in litigation. To recoup attorneys' fees, the award of fees must be explicitly authorized by statute or other legal authority. See Stanton Rd. Ass'n v. Lohrey Entm't, 984 F.2d 1015, 1018 (9th Cir. 1993). Local Rule 54.3(c) requires a party seeking recovery of attorneys' fees to specify the applicable statutory or contractual authority entitling it to attorneys' fees and non-taxable expenses. Defendant Rosen requests fees and costs under four alternative theories: Hawaii Revised Statutes ("HRS") § 607-14; Federal Rules of Civil Procedure Rule 11; the Court's inherent powers; and HRS § 607-14.5. Motion at 2. Each of the proposed bases are addressed in turn below.

    A. HRS § 607-14

First, Defendant Rosen argues that this action was in the nature of assumpsit and, therefore, as the prevailing party, he is entitled to attorneys fees and costs under HRS § 607-14. To the extent HRS § 607-14 applies to the state law claims asserted by Plaintiff (see Mangold v. California Pub. Utils.

7

Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995)) , reasonable attorneys' fees must be awarded to the prevailing party in actions in the nature of assumpsit. In pertinent part, the statute provides:

> in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Haw. Rev. Stat. § 607-14.

Assumpsit is defined as "'a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations.'" Blair v. Ing, 31 P.3d 184, 189 (Haw. 2001) (quoting Schulz v. Honsador, 690 P.2d 279, 281 (Haw. 1984)) (emphasis added). For a claim to be in the nature of assumpsit, "the plaintiff's primary objective must be to obtain monetary relief for breach of the contract." Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 151 P.3d 732, 761

8

(Haw. 2007).

Defendant Rosen asserts that the claims against him are in the nature of assumpsit. In support, Defendant Rosen points to one paragraph from the Third Amended Complaint, which states

> 21. Upon information and belief, David Rosen and his client AURORA is [sic] in violation of Fair Debt Collections Practices Act (FDCPA) 15 U.S.C 1692, 1692 (e) faults and misleading representations, breach of contract, intent to defraud, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, intentional and/or negligence misrepresentation, malicious, wanton and intentional actions, violations of HRS chapter 480.

TAC ¶ 21. Defendant Rosen highlights two phrases in this paragraph: "breach of contract" and "breach of implied covenant of good faith and fair dealing." Defendant Rosen asserts that Plaintiff's claims against him are "contractually based" because they are based on her mortgage loan transaction with Aurora Loan Services LLC. Even though Defendant Rosen acknowledges that he was not a party to the loan transaction, he asserts that Plaintiff's claims against him are in the nature of assumpsit because they relate to her mortgage.

The Court finds that the action against Defendant Rosen was not in the nature of assumpsit. Although Plaintiff's claims generally stem from a mortgage and the subsequent nonjudicial foreclosure, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties

9

an assumpsit action."  TSA Int'l, Ltd. v. Shimizu Corp., 92
Hawai'i 243, 264, 990 P.2d 713, 734 (1999).  Additionally,
Defendant Rosen's focus on two phrases within one paragraph
listing claims is too narrow.  To determine whether the action is
in the nature of assumpsit, the court should examine "the
substance of the entire pleading, the nature of the grievance,
and the relief sought."  S. Utsunomiya Enters., Inc. v. Moomuku
Cnty. Club, 76 Hawai'i 396, 400, 879 P.2d 501, 505 (1994).

In reviewing the substance of the entire pleading, the
Court finds that the Plaintiff's primary objective was not to
seek monetary damages related to the breach of a contract.  See
Kahala Royal Corp., 151 P.3d at 761.  Rather, the primary relief
that Plaintiff sought was a declaration that the mortgage was
void based on fraud and various federal statutory violations.
See TAC at ¶¶ 1, 2, 16, 17, 31, 32.  "An action that seeks only a
declaration as to a party's rights of responsibilities, even if
factually implicating a contract, is not 'in the nature of
assumpsit.'"  Chock v. Gov't Employees Ins. Co., 103 Hawai'i 263,
268, 81 P.3d 1178, 1183 (2003).  As to the specific allegations
against Defendant Rosen, Plaintiff sought relief under various
federal statutes and did not make claims based on any contractual
rights.  See TAC ¶ 18 (alleging Defendant Rosen violated the
"Real Estate Procedures Act 12 U.S.C. section 2605(e)," 
"Regulation X at 24 CFR 3500," and the "Gram [sic] Leach Billy

[sic] Act."); Id. ¶ 21 (alleging Defendant Rosen violated the ""Fair Debt Collections Practices Act (FDCPA) 15 U.S.C 1692, 1692(e)"). Additionally, Plaintiff asserted that Defendant Rosen was "operating out of the scope of his license[]" to practice law because he was not lawfully registered as a collection agency and he identified himself as a collection agency. Id. ¶¶ 20, 22. This claim is also not based in contract. Although Plaintiff listed "breach of contract" and "breach of implied covenant of good faith and fair dealing," there are no allegations in the Third Amended Complaint that Defendant Rosen and Plaintiff were parties to any contract or other circumstances that would give rise to a breach of implied covenant claim. Finally, the Court notes that most of the other allegations against Defendant Rosen listed in this paragraph -- "faults and misleading representations, . . . , intent to defraud, . . . , breach of fiduciary duty, unjust enrichment, intentional and/or negligence misrepresentation, malicious, wanton and intentional actions, violations of HRS chapter 480" -- are not in the nature of assumpsit. See id. ¶ 21.

Accordingly, this Court finds that Defendant Rosen is not entitled to attorneys' fees and costs pursuant to HRS § 607-14.

      B.    <u>Federal Rules of Civil Procedure Rule 11</u>

Second, Defendant Rosen asserts that the Court should

award fees as sanctions under Rule 11.  However, Defendant Rosen does not move this Court for such sanctions; rather, Defendant Rosen "includes this discussion [of Rule 11 sanctions] in the instant motion as a suggestion to the Court that it impose Rule 11 sanctions on its own initiative pursuant to FRCP 11(c)(3)." Mem. in Support of Motion at 12.  Presumably, Defendant Rosen is not moving the Court for Rule 11 sanctions because of the procedural requirements of Rule 11 for such a motion, which Defendant Rosen did not meet.  See Fed. R. Civ. Pro. 11(c)(2). The Court declines to impose Rule 11 sanctions on its own initiative.  This Court therefore RECOMMENDS that Defendant Rosen's request for attorneys' fees pursuant to Rule 11 be DENIED.

    C.   The Court's Inherent Power

Third, Defendant Rosen requests, pursuant to the Court's inherent powers, sanctions against Plaintiff in the form of attorneys' fees.  The Ninth Circuit requires a specific finding of bad faith before a court may issue sanctions pursuant to its inherent powers.  Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001).  This means that a court must specifically find bad faith or conduct tantamount to bad faith.  Id. at 994.  The court may issue sanctions for bad faith based on "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an

improper purpose." Id. This is a high standard which Defendant Rosen has not met in this case. Defendant Rosen has not identified any rulings in this case which indicate that Plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons. This Court therefore RECOMMENDS that Defendant Rosen's request for attorneys' fees pursuant to the district court's inherent powers be DENIED.

    D.  HRS § 607-14.5

Finally, Defendant Rosen seeks attorneys' fees pursuant to HRS § 607-14.5, which states, in pertinent part:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).
>
> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made

13

> by the party are frivolous, the court shall
> determine a reasonable sum for attorneys' fees
> and costs in relation to the frivolous claims
> or defenses.

Haw. Rev. Stat. § 607-14.5. Defendant Rosen argues that because Plaintiff's claims were frivolous, he is entitled to attorneys' fees. As with Defendant Rosen's arguments regarding HRS § 607-14, any such entitlement to fees under this statute would only apply to the state law claims asserted against Defendant Rosen.

In order for Defendant Rosen to recover attorneys' fees and costs under HRS § 607-14.5, the court must specifically find that all or a portion of Plaintiff's state law claims were frivolous. See id. "A frivolous claim is one manifestly and palpably without merit, so as to indicate bad faith on the pleaders part such that argument to the court was not required." Lee v. Hawaii Pac. Health, 121 Hawai'i 235, 246, 216 P.3d 1258, 1269 (Ct. App. 2009) (citation and quotation marks omitted).

Although Chief Judge Mollway struck the first two complaints filed by Plaintiff *sua sponte*, she did not make a finding in writing that Plaintiff's claims were frivolous. The court commented on the lack of clarity in the complaint, but did not make any finding that the claims were "manifestly and palpable without merit." See Docket No. 6 at 1-2, 5. Also, Plaintiff's Amended Complaint was struck because it was improperly filed by her purported attorney. See Docket No. 14 at 2-3. In striking the Amended Complaint, the court made no

findings regarding the substance or sufficiency of the allegations.  Finally, in its order granting Defendant Rosen's motion to dismiss, the court stated that the dismissal was granted "as unopposed for the reasons stated in the motions." Docket No. 41 at 2.  As detailed above, Defendant Rosen's motion to dismiss was based on an argument that Plaintiff's allegations failed to state a legally cognizable claim.  At no point has the court made a finding in writing that Plaintiff's claims against Defendant Rosen were patently frivolous or made in bad faith. This Court was not involved with the dispositive motions and cannot speak to the merits of Plaintiff's claims.  It would be inappropriate for this Court to make a finding of frivolousness when Chief Judge Mollway, who had the opportunity to carefully assess the merits of the claims, did not do so.  For these reasons, the Court RECOMMENDS that Defendant's Rosen's request for attorneys' fees under HRS § 607-14.5 be DENIED.

II.  Entitlement to Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1).  Courts have discretion to award costs pursuant to Rule 54(d).  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  Defendant Rosen seeks to recover the following costs: copying costs of

$21.90; messenger charges of $15.00; and postal fees of $1.56 Exhibit A to Declaration of David B. Rosen at 3.  The Court finds that the $38.46 costs requested are reasonable and RECOMMENDS that the district court GRANT Defendant Rosen's request for costs.

## CONCLUSION

Based on the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Defendant Rosen's Motion for Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge GRANT Defendant Rosen's request for $38.46 in costs and DENY the Defendant Rosen's request for attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, May 24, 2011

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**TUMPAP V. AURORA LOAN SERVICES LLC, CIVIL NO. 10-00325 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT DAVID ROSEN'S MOTION FOR ATTORNEYS' FEES AND COSTS**