IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROSITA GARCIA TUMPAP, | CIVIL NO. 10-00325 SOM/RLP |
| Plaintiff, | ORDER ADOPTING "FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT DAVID ROSEN'S MOTION FOR ATTORNEYS' FEES AND COSTS" |
| vs. | |
| AURORA LOAN SERVICES LLC, and DAVID ROSEN and DOES 1-200, | |
| Defendants. | |

ORDER ADOPTING "FINDINGS AND RECOMMENDATION
TO GRANT IN PART AND DENY IN PART
DEFENDANT DAVID ROSEN'S MOTION FOR ATTORNEYS' FEES AND COSTS"

I.  INTRODUCTION.

Before the court is Defendant David Rosen's Motion for Attorneys' Fees and Costs. Rosen is an attorney who is being sued as an individual by Plaintiff Rosita Garcia Tumpap for alleged conduct as the attorney for Aurora Loan Services LLC. Rosen requested an award of $3,905.50 in attorneys' fees and $38.46 in costs. Rosen says he incurred these fees and costs in connection with the claims asserted against him personally. Plaintiff Rosita Garcia Tumpap, proceeding pro se, did not file an opposition to Rosen's motion for fees and costs. On May 24, 2011, Magistrate Judge Richard L. Puglisi issued Findings and a Recommendation that Rosen's request for fees be denied but his request for costs be granted ("F&R"). On June 10, 2011, Rosen timely filed objections to the F&R. This court has reviewed the

matter de novo and now adopts the thoughtful and well-reasoned F&R, denying Rosen's request for attorneys' fees, but granting his request for costs.

II.     BACKGROUND.

The F&R set forth a detailed recitation of the facts underlying this case. That part of the F&R is adopted herein. In summary, this case arose out of a nonjudicial foreclosure proceeding. On June 8, 2010, Tumpap filed a motion for temporary restraining order ("TRO Motion"), seeking to enjoin that nonjudicial foreclosure. The motion and its underlying Complaint were long and difficult to decipher, naming as Defendants a manager at First Hawaiian Bank, the president of Mortgage Electronic Registration Systems, Inc., and Rosen. See ECF Nos. 1 and 4. The court denied the ("TRO Motion"). See ECF No. 6. The order was amended the following day. See ECF No. 7. Because of the great difficulty and enormous burden any Defendant would have endured in attempting to decipher and respond to the Complaint, the court struck it, giving Tumpap leave to file an Amended Complaint. Id.

On July 8, 2010, Tumpap filed an Amended Complaint through Mark E. Hill, her purported attorney. See ECF No. 11. The same day, the court struck the Amended Complaint because Mark E. Hill is not licensed to practice law before this court. See

ECF No. 14. The court informed Tumpap that she was allowed to file an amended complaint on a pro se basis. Id.

On August 2, 2010, Tumpap, proceeding pro se, filed a document she called a "Third Amended Complaint." See ECF No. 16. That document named Aurora Loan Service and Rosen as Defendants. See id. On October 28, 2010, Rosen moved to dismiss the Third Amended Complaint. See ECF No. 24. On January 7, 2011, the court granted this motion as unopposed for the reasons stated in the motion. See ECF No. 41. Judgment was entered the same day. See ECF No. 42.

III. STANDARD OF REVIEW.

Congress has empowered magistrate judges, upon referral of dispositive pretrial motions by district judges, to conduct hearings and issue findings and recommendations regarding dispositive pretrial motions. See 28 U.S.C. § 636(b)(1)(B); see also Fed. R. Civ. P. 72(b) (promulgating rule). The Federal Rules of Civil Procedure permit a district judge to similarly refer a post-judgment motion for attorney's fees "as if it were a dispositive pretrial matter," see Fed. R. Civ. P. 54(d)(2)(D), and such motions are customarily referred to magistrate judges in this district, see Local Rule 54.3(h).

A district judge reviews a magistrate judge's findings and recommendation prior to ruling on the motion, and may accept, reject, or modify, in whole or in part, the findings and

recommendation made by the magistrate judge. Fed. R. Civ. P. 72(b). If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the findings and recommendation <u>de novo</u>. Fed. R. Civ. P. 72(b)(3); Local Rule 74.2. The district judge may consider the record developed before the magistrate judge. Local Rule 74.2. The district judge also has discretion to receive further evidence. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 74.2; <u>see also</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980) (district judge has wide discretion in deciding whether to allow new evidence). The <u>de novo</u> standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a <u>de novo</u> hearing is not ordinarily required. <u>United States v. Remsing</u>, 874 F.2d 614, 617 (9th Cir. 1989); <u>United States v. Boulware</u>, 350 F. Supp. 2d 837, 841 (D. Haw. 2004); Local Rule 74.2.

The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record. <u>See</u> <u>United States v. Bright</u>, Civ. No. 07-00311 ACK/KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); <u>Stow v. Murashige</u>, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003); Fed. R. Civ. P. 72(b) advisory committee's note.

The court finds that a hearing on this matter is neither necessary nor appropriate. See Local Rule 7.2(d).

IV.  ANALYSIS.

On January 21, 2011, Rosen moved for his attorneys' fees and costs. See ECF No. 43. Rosen seeks his attorneys' fees under four theories: Hawaii Revised Statutes § 607-14; Rule 11 of the Federal Rules of Civil Procedure; the court's inherent power; and Hawaii Revised Statutes § 607-14.5. Because none of those sections justifies an award of fees under the circumstances presented here, the court adopts the F&R and denies Rosen's request for fees. The court also adopts the F&R to the extent it determined that Rosen was entitled to his costs.

A.  Hawaii Revised Statutes § 607-14.

Rosen initially argues that he is entitled to his attorneys' fees under section 607-14 of the Hawaii Revised Statutes. That section provides:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court

5

>           shall then tax attorneys' fees, which the
>           court determines to be reasonable, to be paid
>           by the losing party; provided that this
>           amount shall not exceed twenty-five per cent
>           of the judgment.

Haw. Rev. Stat. § 607-14.

Rosen says that Tumpap's claims are in the nature of assumpsit because the Third Amended Complaint mentions "breach of contract" and "breach of implied covenant of good faith and fair dealing" in paragraph 21. The court agrees with the F&R that that reference is insufficient to make Tumpap's claims grounded in assumpsit.

Assumpsit is defined as "'a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations.'" Blair v. Ing, 96 Haw. 327, 332, 31 P.3d 184, 189 (2001) (quoting Schulz v. Honsador, 67 Haw. 433, 435, 690 P.2d 279, 281 (1984)). Although "[t]he mere fact" that claims may "relate to contracts . . . does not render a dispute between the parties in the nature of assumpsit," doubt as to whether an action is in assumpsit or tort should be resolved in favor of assumpsit. See Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Haw. 251, 282, 151 P.3d 732, 763 (internal quotation marks and emphasis omitted). Rosen therefore argues that this court should resolve any question regarding Tumpap's claims in favor of finding that they sound in assumpsit.

6

Although the Third Amended Complaint mentions "breach of contract" and "breach of implied covenant of good faith and fair dealing," there is no question that Tumpap did not have a contract with Rosen. Instead, Rosen was sued because he was the attorney for the company seeking to foreclose on Tumpap's property through a nonjudicial foreclosure. The basis of Tumpap's claims was grounded in federal law, such as the Fair Debt Collection Practices Act. Under these circumstances, Tumpap's claims were not in the nature of assumpsit and the court adopts the F&R and declines to award attorneys' fees under section 607-14.

B. <u>Rule 11 of the Federal Rules of Civil Procedure.</u>

Rosen asserts that the court should award fees as a sanction under Rule 11. Rosen did not move for sanctions under Rule 11(c)(2) of the Federal Rules of Civil Procedure, presumably because Rosen did not comply with the procedural requirements for such a motion. Instead, Rosen asks the court to sanction Tumpap on the court's own initiative pursuant to Rule 11(c)(3) of the Federal Rules of Civil Procedure. The court declines to do so.

This court has "significant discretion in determining what sanctions, if any, should be imposed for a violation" of Rule 11. <u>See</u> Fed. R. Civ. P. 11, Advisory Comm. Note. (1993 Amendments). The court notes that, because the purpose of Rule 11 is to deter, rather than to compensate, monetary sanctions are

7

ordinarily paid to the court, although "under unusual circumstances" they may be paid to "those injured by the violation." Id. This court has already stricken two complaints and dismissed a third. The court agrees with the F&R that Rule 11 sanctions are not appropriate under these circumstances. This court declines Rosen's request that the court issue an order to show cause why sanctions should not be imposed. The court therefore adopts the F&R and declines to sanction Tumpap under Rule 11.

      C.    The Court's Inherent Power.

Rosen, in his pro se capacity, seeks his attorneys' fees pursuant to the court's inherent powers. As the F&R noted, a specific finding of bad faith or "conduct tantamount to bad faith" is required before a court may issue sanctions pursuant to its inherent powers. Fink v. Gomez, 239 F.3d 989, 991-94 (9th Cir. 2001). As recommended by the F&R, the court declines Rosen's invitation for the court to hold a hearing to determine whether Tumpap's pleadings were made in bad faith.

Rosen argues that, in striking the initial Complaint, the court inherently made the determination that it was in bad faith. This court disagrees. The court struck the initial Complaint because it was overly lengthy and undecipherable. The court did not make a determination that it was frivolous. Moreover, when the court examines Rosen's requested fees, it

8

appears that he may not have personally incurred those fees. Rosen's fee request was set forth in ECF No. 45-1. That request did not comply with the level of detail required by Local Rule 54.3(d)(2). From what little detail there is, however, it appears that Rosen is requesting fees be paid to him for the legal fees he may have billed Aurora Loan Services for his legal services. For example, on June 10, 2010, Rosen billed 3.5 hours for reviewing the Complaint and "advis[ing] client of filing and attempt to serve complaint." The associate at Rosen's office, Lauren Akitake, also billed 0.7 hours for reviewing the sufficiency of service and "draft[ing] email to client regarding strategy for case."

Rosen seeks his attorneys' fees for the Second Amended Complaint, again claiming that it was filed in bad faith because it was stricken. The court struck the Second Amended Complaint because it was signed by Mark Hill, an individual who is not authorized to practice law before the court. The court made no determination that the content of the filing was frivolous or presented in bad faith or for an improper purpose. Moreover, it appears that Rosen is seeking fees from Tumpap for Hill's actions, although it may be possible that Tumpap can be said to have adopted Hill's actions.

Rosen argues that this court ordered Tumpap to immediately notify any Defendant who may be unaware that the

9

Complaint and Amended Complaint were stricken of the striking of those documents. Rosen says that, before he found out that the documents were stricken, he expended considerable time and expense. This argument is somewhat disingenuous. Although it is true that the court ordered Tumpap to tell the Defendants of the striking of the complaints, the court did not make that order until July 22, 2010. Fees incurred before that date did not flow from Tumpap's violation of the order.

Although the court dismissed the Third Amended Complaint for the reasons stated in Rosen's motion, the court did not make a finding that the Third Amended Complaint demonstrated bad faith conduct. The court does not make that finding now.

Under these circumstances, the court adopts the F&R and declines to sanction Tumpap under the court's inherent powers.

D.  Haw. Rev. Stat. § 607-14.5

Rosen also seeks attorneys' fees pursuant to HRS § 607-14.5, which states:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).

> (b) In determining the award of attorneys'
> fees and costs and the amounts to be awarded,
> the court must find in writing that all or a
> portion of the claims or defenses made by the
> party are frivolous and are not reasonably
> supported by the facts and the law in the
> civil action. In determining whether claims
> or defenses are frivolous, the court may
> consider whether the party alleging that the
> claims or defenses are frivolous had
> submitted to the party asserting the claims
> or defenses a request for their withdrawal as
> provided in subsection (c). If the court
> determines that only a portion of the claims
> or defenses made by the party are frivolous,
> the court shall determine a reasonable sum
> for attorneys' fees and costs in relation to
> the frivolous claims or defenses.
>
> (c) A party alleging that claims or defenses
> are frivolous may submit to the party
> asserting the claims or defenses a request
> for withdrawal of the frivolous claims or
> defenses, in writing, identifying those
> claims or defenses and the reasons they are
> believed to be frivolous. If the party
> withdraws the frivolous claims or defenses
> within a reasonable length of time, the court
> shall not award attorneys' fees and costs
> based on those claims or defenses under this
> section.

Haw. Rev. Stat. § 607-14.5.

Rosen argues that he is entitled to his attorneys' fees because Plaintiff's claims were frivolous. He says that this court should reject the F&R because the court has not yet developed a record as to the frivolousness of Tumpap's claims. This court declines Rosen's invitation to do so under the record presented in this case. The court adopts the F&R to the extent it recommends against awarding sanctions under section 607-14.5.

E. Entitlement to Costs.

The court agrees that Rosen is entitled to his costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure. Because there is no opposition, and for the reasons stated in the F&R, the court adopts the F&R to the extent it recommends that the court award $38.46 in costs.

V. CONCLUSION.

For the foregoing reasons, the court adopts the F&R. The court denies Rosen's request for attorneys' fees, but grants his request for $38.46 in costs.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 19, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Tumpap v. Aurora Loan Services LLC, et al., Civ. No. 10-00325 SOM/RLP; ORDER ADOPTING "FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT DAVID ROSEN'S MOTION FOR ATTORNEYS' FEES AND COSTS"